1  JOHN D. MCLACHLAN (State Bar No. 102436)
   STACEY A. ZARTLER (State Bar No. 160859)
2  FISHER & PHILLIPS LLP
   One Embarcadero Center, Suite 2340
3  San Francisco, CA  94111-3712
   Telephone:  (415) 490-9000
4  Facsimile:   (415) 490-9001

5  Attorney for Defendants
   ConocoPhillips Company, Harlan Graf,
6  Luther Nolan, and Tom Miller

7  WAUKEEN Q. McCOY (State Bar No. 168228)
   LAW OFFICES OF WAUKEEN Q. McCOY
8  703 Market Street, Suite 1407
   San Francisco, CA  94103
9  Telephone: (415) 675-7705
   Facsimile:   (415) 675-2530
10
   Attorneys for Plaintiff
11  Robert Booker

12

13                 IN THE UNITED STATES DISTRICT COURT

14              FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16  ROBERT BOOKER, an individual          Civil Action No. C 07-0384 CW

17         Plaintiff,

18         vs.                            **STIPULATION AND [PROPOSED]**
                                          **PROTECTIVE ORDER**
19  CONOCOPHILLIPS COMPANY, a
    Delaware corporation, HARLAN GRAFF, an
20  individual, LUTHER NOLAN, an individual,
    TOM MILLER, an individual, and DOES 1-
21  10,

22         Defendants.

23

24

25

26

27

28

Defendants ConocoPhillips, Harlan Graf, Luther Nolan, Tom Miller, and Plaintiff Robert Booker, through their respective attorneys of record, recognize that certain records, documents, and information to be produced by the parties in this case pursuant to discovery may contain private, confidential, and/or proprietary information and trade secrets that must be protected. The parties therefore stipulate as follows:

1.      Good cause exists for a Protective Order under Federal Rule of Civil Procedure 26(c), in that the parties anticipate that certain documents, communications, and other information produced in discovery will contain private and confidential information relating to third parties, including but not limited to information regarding other employees of Tetra Tech or clients of Tetra Tech, and confidential and proprietary information and trade secrets, and a mechanism is needed to allow for discovery and disclosure while protecting privacy rights under the laws of the State of California.

2.      For purposes of this Protective Order, the term "Confidential Information" means information relating to any information regarding other employees of ConocoPhillips or clients of ConocoPhillips, and confidential and proprietary information and trade secrets, as well as any other information that the producing party in good faith deems proprietary or sensitive.

3.      "Confidential Information" does not include documents or other information publicly available or obtained by a party through independent means, including via private investigation or subpoena to any government agency or a non-party.

4.      Any party may designate as "Confidential" any pleading, document, testimony, or other discovery material that contains Confidential Information as described in paragraph 2.  No designation shall be made unless counsel of record believes in good faith that the designated material is in fact Confidential.  An inadvertent failure to designate qualified items or material, if promptly corrected, shall not waive the designating party's right to secure protection for such items or material under this Stipulated Protective Order.

5.      A party may designate documents as Confidential by providing written notice to the other party that certain documents, or groups of documents, are to be considered Confidential.  A party may designate all or part of the oral testimony of any witness as

Confidential either by (a) orally designating the testimony as Confidential during the deposition or hearing, and requesting the reporter to mark the beginning and end of the testimony so designated and separately bind the Confidential portion(s); or (b) by giving written notice to all counsel of record of the specific pages and lines of the transcripts to be designated Confidential within fifteen (15) days of service of the transcript by the court reporter.

6.    A party may challenge the designation of documents or testimony as Confidential by first meeting and conferring with counsel for the producing party in a good faith effort to resolve the dispute, and if necessary thereafter by seeking relief from the Court by filing a motion.  Pending a determination by the Court as to the appropriateness of the Confidential designation, all parties will treat the material in question as Confidential.

7.    Material designated as Confidential pursuant to this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from Confidential Information shall be used only for purposes of this litigation and not for any business or other purpose, including, but not limited to, any other litigation.

8.    Except as provided below, Confidential Information may be disclosed only to the following categories of persons:

(a)    Parties, counsel of record for any party to this action, and the employees of counsel;

(b)    Experts and consultants (including independent experts and independent consultants, their employees and clerical assistants) who are employed, retained, or otherwise consulted by any counsel of record for the purpose of analyzing data, conducting studies, or providing opinions to assist in any way in this litigation.

(c)    The Court and its staff.

(d)    Court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for purposes of this litigation.

(e)    During their depositions, witnesses in this action to whom disclosure is reasonably necessary.

(f)     The author of the document or the original source of the information.

9.     Confidential Information produced during the course of this litigation shall not be disclosed to any person under paragraphs 6(b), (d) and (e), unless that person has agreed to be bound by the terms of this Protective Order by executing the acknowledgment set forth in Exhibit 1.

10.     Confidential Information submitted to the Court in conjunction with motions or other Court proceedings may only be filed under seal, subject to the requirements of Civil Local Rule 79-5, or after obtaining written permission from the designating party or a court order secured after appropriate notice to all interested persons.

11.     Unless otherwise ordered or agreed in writing by the parties, counsel must return all Confidential Information within 30 days of the final disposition of this action or certify that it has been destroyed and no copies, abstracts, compilations, or summaries have been retained.

12.     Nothing in this Stipulated Protective Order shall prevent any party from seeking modification of it by the Court in the future.  In addition, nothing in this Stipulated Protective Order shall be deemed a waiver of any party's right to object to any discovery request on any ground; to seek an order compelling a response to any discovery request; to object to the use in evidence of any material covered by the Stipulated Protective Order; or to restrict the designating party's use of its own documents.

IT IS SO STIPULATED.


Dated: ~~June~~ August 9, 2007                    FISHER & PHILLIPS LLP


                                        By:_____
                                             Stacey A. Zartler

                                        Attorneys for Defendants ConocoPhillips
                                        Company, Harlan Graf, Luther Nolan, and
                                        Tom Miller,

Dated: June ___, 2007                    LAW OFFICES OF WAUKEEN Q. McCOY


                                        By: _____/s/_____
                                             Waukeen Q. McCoy

1

Attorneys for Plaintiff Robert Booker

2

**<u>ORDER</u>**

3

Pursuant to stipulation, and good cause appearing, IT IS SO ORDERED.

4

5

Dated:      8/9/07                          _____

6

Honorable Claudia
U.S. District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION  AND [PROPOSED] PROTECTIVE ORDER                                    4
*Booker v. ConocoPhillips, et al., Civil Action No. C07-0384CW*

**EXHIBIT 1**

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

**AND AGREEMENT TO BE BOUND**

I do solemnly swear and affirm that I have been provided with a copy, and am fully familiar with the terms of, the Stipulated Protective Order in *Booker v. ConocoPhillips Company, et al.,* U.S. District Court for the Northern District of California Civil Case No. C07-0384 CW.  I agree to comply with and be bound by the terms and conditions of the Stipulated Protective Order and I understand and acknowledge that my failure to comply could expose me to sanctions and punishment in the nature of contempt by the Court.  I solemnly promise not to disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order.

SIGNATURE: _____

PRINTED NAME:  _____

DATE: _____

CITY AND STATE WHERE SWORN AND SIGNED:  _____

STIPULATION  AND [PROPOSED] PROTECTIVE ORDER

*Booker v. ConocoPhillips, et al., Civil Action No. C07-0384CW*

1

**CERTIFICATE OF SERVICE**

2

     I, the undersigned, am employed in the County of San Francisco, State of California.  I

3

am over the age of 18 and not a party to the within action.  I am employed with the law offices of Fisher & Phillips LLP.  My business address is  One Embarcadero Center, Suite 2340, San

4

Francisco, CA  94111-3712.

5

     On this date, I served the foregoing **STIPULATION AND [PROPOSED]**

6

**PROTECTIVE ORDER** on the following parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

7

8

Waukeen Q. McCoy               Plaintiff's Attorneys
Law Offices of Waukeen Q. McCoy

9

703 Market Street, Suite 1407
San Francisco, CA  94103

10

11

Telephone:  (415) 675-7705
Facsimile:  (415) 675-2530

12

     I declare under penalty of perjury under the laws of the United States of America that the

13

foregoing is true and correct.

14

15

Executed on August 8, 2007, at San Francisco, California.

16

17

Judy Keenan

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE
SanFrancisco 100516.1